## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

**UNITED STATES OF AMERICA**

**VS.**

**KENO MOSES,**

**Defendant**

NO. 3: 06-CR-41 (CAR)

VIOLATION:  DRUG RELATED

---

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  The defendant was represented by Mr. Brian Randall of the Macon Bar; the United States was represented by Assistant U. S. Attorney Tamara A. Jarrett.  Based upon the evidence proffered to the court by counsel for the government and for the defendant, and the contents of the Pretrial Service Report dated September 28, 2006, as well as argument of counsel,  I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☒ **(1)  There is PROBABLE CAUSE to believe that the defendant has committed an offense**

    ☒ **for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.**

    ☐ **under 18 U.S.C. §924(c).**

☒ **(2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.**

#### ALTERNATIVE FINDINGS

☒ **(1)  There is a serious risk that the defendant will not appear.**

☒ **(2)  There is a serious risk that the defendant will endanger the safety of another person or the community.**

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated September 28, 2006, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance and the safety of the community were defendant MOSES to be released from custody at this time.  Although the defendant has strong ties to the Athens, Georgia area, the offense charged against the defendant is a serious drug offense for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 262 months to 327 months in prison.  The weight of evidence appears to be strong, with the defendant being taken into custody while in possession of a backpack containing two kilos of cocaine and a firearm.  At the time of his arrest, defendant MOSES was fleeing law enforcement officers

and talking via cell phone to his co-defendant, Frazier Lanier Johnson, upon whom wiretaps had been ongoing for a number of months.  The government has established that defendant MOSES was in the employ of defendant Johnson who has been identified as the leader of a drug organization in Athens, Georgia.

Defendant MOSES has a very significant arrest record: he has had some thirty-two arrests since 1994. He was convicted of BURGLARY in the Superior Court of Athens-Clarke County in 1994.  Since that time he has had allegations of probation violations lodged against him on eight different occasions, resulting in revocations on four occasions.  In addition, the first offender status on his BURGLARY conviction was revoked. Other convictions include violence related crimes, to-wit: STATUTORY RAPE, SIMPLE BATTERY, AFFRAY, and OBSTRUCTION, for which he has served sentences of incarceration.

Defendant MOSES has exhibited a propensity to involve himself in illegal activities since 1994 and appears incapable of abiding by rules of supervision as would be expected of him were he to be admitted to bond in the instant proceeding.

For the foregoing reasons, pretrial detention is mandated.  IT IS SO ORDERED.


## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 3rd day of OCTOBER, 2006.



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**